UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RODNEY LEE PHELPS,

    Plaintiff,

v.                                                         Case No. 5:16cv72-WTH-CJK

DIANA DUNCAN (Food-Service
Director), et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on plaintiff's amended complaint filed pursuant to 42 U.S.C. § 1983 (doc. 6). The undersigned previously entered an order (doc. 5) advising plaintiff that, upon a review of his original complaint, it was evident the facts as presented failed to support a viable claim for relief under § 1983 as to one or more of the named defendants and pointing out the deficiencies in his complaint. The undersigned provided plaintiff an opportunity to clarify his allegations in an amended complaint. Plaintiff availed himself of that opportunity; however, plaintiff's amended complaint suffers from the same deficiencies as his initial complaint. It is clear

plaintiff cannot state a claim upon which relief can be granted against these defendants. The undersigned thus recommends the matter be dismissed.

## BACKGROUND

Plaintiff is an inmate currently confined at Hamilton Correctional Institution Annex. Plaintiff was confined at the Northwest Florida Reception Center Annex ("NFRCA") at the time of the events giving rise to his complaint. Plaintiff names 3 defendants in the action - Diana Duncan, Food Service Director; Raymond Wood, Correctional Officer I; and B. Welch, Production Manager. Plaintiff's claims are based on an alleged dangerous condition in the food service area in which he worked at NFRCA. Specifically, plaintiff claims he accidentally stepped into an uncovered floor drain, spilling boiling water on his left foot and leg, and sustained first, second, and third degree burns on his left foot.

Before the accident, plaintiff reported the condition to Welch, who instructed him to "'just work around the drain as usual'" and "'be careful.'" Doc. 6 at p. 7. Plaintiff "then immediately sought out his other supervisor Defendant Wood, who he informed on what transpired between him and Defendant Welch, his concerns about his safety and well-being concerning the wet, slippery area, and the exposed floor drain itself." Doc. 6 at p. 7. "Defendant Wood at this time stated 'I don't have time for this shit,' and 'to go do his job and just be careful!!!'" Doc. 6 at p. 7. "Plaintiff

Case No. 5:16cv72-WTH-CJK

once more protested about the unsafe condition concerning the exposed floor drain." Doc. 6 at p. 7. "However, Defendant Woods would not listen to Plaintiffs' concerns and ordered him that 'if he did not want to do his job then turn around and cuff up, and he'd take his ass to confinement.'" Doc. 6 at p. 7.

Plaintiff claims defendant Duncan was in charge of food service operations and "was aware of the areas that contained exposed floor drains, and directly responsible for the equipment maintenance." Doc. 6 at p. 9. According to plaintiff, Duncan "would simply advise Plaintiff that 'she was aware of the situation,' that 'she informed the maintenance Dept,' and 'just be careful or go to confinement!!!" Doc. 6 at p. 9. Plaintiff says "Director Duncan obviously had no concern in following safety protocol subordinate Dept. Staff adopted this custom and policy to force inmates to work in such unsafe conditions or go to confinement." Doc. 6 at p. 10. Plaintiff alleges he "heard Director Duncan directing Defendant Welch and Wood to work all the assigned inmates regardless of whether or not there was a floor drain cover in place at the time of work." Doc. 6 at p. 10. "Director Duncan further ordered both Defendant Welch and Wood to 'lock-up' anyone who failed to work . . ." Doc. 6 at p. 10. According to plaintiff, "Food Service Director Duncan's failure to adequately train departmental staff, her policy and custom she created as an approximate result directly caused Plaintiff's injuries that inadvertently resulted in

1st, 2nd, 3rd degree burns to his left foot." Doc. 6 at p. 10.

Plaintiff alleges defendants Welch and Wood "subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment, and deprived him of liberty without due process in violation of the Fourteenth Amendment, by compelling him to work under dangerous conditions, resulting in his injury." Doc. 6 at p. 10-11. "Defendants Welch, Wood, and Duncan violated Plaintiff's rights under the United States Constitution subsequently causing Plaintiff undue pain suffering, physical injury and emotional distress . . ." Doc. 6 at p. 11. "The defendants acts," plaintiff maintains, "were done intentionally in violation of, or with deliberate indifference, or reckless indifference to, Plaintiff's Constitutional Rights." Doc. 6 at p. 11. Plaintiff seeks declaratory and monetary relief.

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court must dismiss his complaint if it determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Mitchell v. Farcass*,

112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim because plaintiffs had "not nudged their claims across the line from conceivable to plausible"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

"In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person acting under color of state law; (2) deprived him of a right secured by the Constitution. 42 U.S.C. § 1983." *Hernandez v. Fla. Dept. of Corr.*, 281 F. App'x. 862, 865 (11th Cir. 2008). Here, plaintiff's claims are based on alleged Eighth and Fourteenth Amendment violations. "The Eighth Amendment forbids punishments that are cruel and unusual in light of contemporary standards of decency." *Id.* The

Eighth Amendment's proscription of cruel and unusual punishment mandates that prison officials "provide humane conditions of confinement," ensuring inmates receive adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment, however, "does not authorize judicial reconsideration of every governmental action affecting a prisoner's well-being . . . ." *Redding v. Georgia*, 557 F. App'x 840, 843 (11th Cir. Feb. 18, 2014) (*citing Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

"To state an Eighth Amendment violation, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct." *Hernandez*, 281 F. App'x at 865. As the Supreme Court explained,

> It is not . . . every injury . . . that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.
>
> The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of

Case No. 5:16cv72-WTH-CJK

deliberate indifference to inmate health or safety . . . .

*Farmer*, 511 U.S. at 834 (internal marks and citations omitted).  Mere negligence is not enough.  *Id.* at 835.

Here, plaintiff has not come close to describing a condition that was sufficiently serious to violate the Eighth Amendment.  Plaintiff acknowledges Duncan reported the absence of drain covers to the maintenance department and instructed him to be careful.  He also acknowledges Welch and Wood told him to be careful.  At most, plaintiff has alleged facts from which one could conclude the defendants were negligent; negligence, however, is not actionable under § 1983.  *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982).  Indeed, the Supreme Court has made it clear that "Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety."  *Farmer*, 511 U.S. at 835 (internal marks omitted).  In other words, "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.* at 837.  Hence, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.  Even construed in the light most favorable to plaintiff, his allegations do not rise to the level of an Eighth Amendment violation.

Case No. 5:16cv72-WTH-CJK

The same is true with regard to plaintiff's Fourteenth Amendment claim. In *Sandin v. Conner*, 515 U.S. 472, 478, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Plaintiff has alleged neither. Plaintiff thus has failed to plead a Fourteenth Amendment claim.

To the extent plaintiff seeks to hold Duncan vicariously liable for his injuries, such claim likewise fails. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n.58 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal

connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).

The Eleventh Circuit, in *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008), set forth the limited circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)). "Regardless of whether a plaintiff attempts to state a claim under section 1983 by alleging a policy or a custom, he or she must also identify an official who speaks with 'final policymaking authority for [the governmental entity] concerning the act alleged to have caused the particular constitutional violation in issue.'" *Id.* at 1307-08 (*quoting Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1330 (11th Cir. 2003)). "Indeed, '. . . liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in

question.'" *Id.* at 1308 (*quoting Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

Plaintiff has not set forth sufficient facts to support a finding of vicarious liability in this case. He has not alleged a single incident in which another inmate was injured by the lack of drain covers. He has not established that Duncan had any authority with regard to working conditions at the prison, and he has not demonstrated deliberate indifference of any defendant. Finally, he has not even suggested Duncan directed the defendants to uncover the drains or knew that they would do so. Plaintiff thus has failed to sufficiently allege facts upon which Duncan could be held vicariously liable for his injuries.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for plaintiff's failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 5th day of September, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.