# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

RODNEY LEE PHELPS,

      Plaintiff,

v.                             CASE NO. 5:16-cv-00072-WTH-CJK

DIANA DUNCAN, B WELCH, RAYMOND WOOD,

      Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated September 5, 2017. (ECF No. 9). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at ECF No. 10. I have made a de novo review based on those objections. Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted in part and rejected in part.

According to his amended complaint, plaintiff is a prisoner who worked in the prison kitchen pouring boiling hot water from a "tilt kettle" into powdered milk

and coffee.  In his complaint, he alleged that he discovered that the large floor

drains under the tilt kettle were missing their grate covers:

(11.) At the very begining of this process Plaintiff realized that the floor drains located directly in front of the tilt kettles were missing their required grillgate /drain covers. These exposed drains are several inches deep and several feet wide and long.

He alleged that he immediately told his direct supervisors about the dangerous

situation.  They both allegedly told plaintiff to be careful but also threatened to

send him to confinement if he did not continue to work without the drain being

covered with a grate:

(12) Plaintiff immediately sought out both defendants welch and wood, his supervisors for that day, to inform them of this unsafe condition.

(13) Plaintiff encountered Defendant welch first and began to informed her of his concerns about this unsafe condition. After several minutes of discussion Defendant welch directed the Plaintiff to "just work around the drain as usual", and "be careful." Plaintiff continued to protest and to make known to her his concerns, including the previous occasions in wich he's slipped into the drains all to no-avail. Defendant welch refused to address his concerns about his safety and well-being and ordered him to "make the damn beverdges or go to jail"...

(14) Plaintiff then immediatly sought out his other supervisor Defendant Wood, who he informed on what transpired between him and Defendant Welch, his concerns about his safety and well-being concerning the wet, slippery area, and the exposed floor drain itself. Defendant Wood at this time stated "I don't have time for this shit", and "to go do his job and just be careful..."

(15) Plaintiff oremore protested about the unsafe condition concerning the exposed floor drain. However, Defendant Woods would not listen to Plaintiff's concerns and ordered him that "if he didnot want to do his job then turn around and cuff up, and he'd take his ass to confinement."

Plaintiff also alleged that the other defendant, Diana Duncan, was personally aware of the dangerous condition caused by the lack of a cover on the floor drain, having been told of it by plaintiff and other inmates. She, too, directed plaintiff to be careful but also to work without the drain cover or go to confinement:

(22.) Food Service Director Duncan was aware of the areas that contained exposed floor drains, and directly responsible for equipment maintenance. (SEE Plaintiff's memorandum of Law.

(23.) Food Service Director Duncan on numerous occasions was advised by Plaintiff and other inmates on the unsafe condition concerning the exposed floor-drains. (SEE EXIBIT (B)

(24) Food Service Director Duncan could clearly be seen on video making "daily inspections" of the entire Food Service Dept. including the area in which Plaintiff's accident occurred.

(25.) On numerous occasions Plaintiff discussed his concerns about his safety and well-being where the floor drains were concerned. Plaintiff also advised Defendant Duncan on the times that he has slipped and fell into the exposed floor drains. During these discussions Defendant Duncan would simply advise Plaintiff that "she was aware of the situation", that "she informed the maintenance Dept," and "just be careful on go to confinement"... This however, was not a viable option (SEE Memorandum of Law).

He alleged that when he returned to work he awkwardly tried to use the tilt kettle while also trying to avoid slipping into the inches-deep drain. Eventually, his foot slipped into the drain, which caused him to lose control of the tilt kettle. The tilt kettle drained down onto his foot, which he described as "engulfed" in boiling water. He also spilled the pot into which he was pouring the boiling liquid. That liquid also found its way onto plaintiff's foot. He received first, second and third-degree burns.

He filed suit, claiming that making him work under such unsafe conditions constituted cruel and unusual punishment in violation of the Eighth Amendment, and deprived him of a liberty interest without due process in violation of the

Fourteenth Amendment.  The Magistrate Judge recommended dismissing the

Eighth Amendment claim with the following language:

> Here, plaintiff has not come close to describing a condition that was
> sufficiently serious to violate the Eighth Amendment. Plaintiff
> acknowledges Duncan reported the absence of drain covers to the
> maintenance department and instructed him to be careful. He also
> acknowledges Welch and Wood told him to be careful. At most, plaintiff has
> alleged facts from which one could conclude the defendants were negligent;
> negligence, however, is not actionable under § 1983. *Williams v. Bennett*,
> 689 F.2d 1370, 1380 (11th Cir. 1982). Indeed, the Supreme Court has made
> it clear that "Eighth Amendment liability requires more than ordinary lack of
> due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835
> (internal marks omitted). In other words, "[t]he Eighth Amendment does not
> outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual
> 'punishments.'" *Id*. at 837. Hence, "an official's failure to alleviate a
> significant risk that he should have perceived but did not, while no cause for
> commendation, cannot under our cases be condemned as the infliction of
> punishment." *Id*. at 838. Even construed in the light most favorable to
> plaintiff, his allegations do not rise to the level of an Eighth Amendment
> violation.

The Magistrate Judge therefore considered this case as involving mere negligence

and "a significant risk that [defendants] should have perceived but did not."  Here,

however, plaintiff alleges that the defendants were repeatedly told by plaintiff and

others about the risk.  They perceived the risk but consciously chose to force

plaintiff to continue working despite the risk.

The Eighth Amendment's proscription against cruel and unusual punishment

prohibits prison officials from exhibiting deliberate indifference to a substantial

risk of serious harm to an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 828, 114

S.Ct. 1970, 128 L.Ed.2d 811 (1994). To state a claim on a § 1983 Eighth Amendment claim about prison conditions, a plaintiff must sufficiently plead "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir.1995). Deliberate indifference on the part of a prison official requires a showing of: "(1) subjective knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than gross negligence." *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir.2010); *Jinks v. Owens*, 517 F. App'x 913, 915 (11th Cir. 2013). The defendants must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. The defendants may escape liability for known risks "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Moore v. Faurquire*, 595 F. App'x 968, 973 (11th Cir. 2014), citing *Farmer*, 511 U.S. at 844.

Here, plaintiff alleges that each of the defendants knew of the risk of plaintiff pouring boiling hot water while trying to avoid slipping into an inches-deep floor drain that was under his feet while he worked. The only response to the known risk by the two direct supervisors was to tell the plaintiff to be careful. But, when plaintiff persisted and informed them he did not think he could avoid slipping into the drain while doing his job, they compelled him to work anyway,

threatening him with confinement, according to plaintiff's allegations. The Food Services Director also responded by telling plaintiff to be careful, and by stating she had informed the maintenance department. She also allegedly threatened plaintiff with confinement if he did not continue working.

Requiring plaintiff to work despite such known risks might rise to a level beyond gross negligence. That is, as the Eighth Circuit stated in *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977), "there are circumstances in which prison work requirements can constitute cruel and unusual punishment." The Eighth Circuit then quoted *Talley v. Stephens*, 247 F.Supp. 683, 687 (E.D. Ark. 1965):

> (F)or prison officials knowingly to compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful constitutes an infliction of cruel and unusual punishment prohibited by the Eight Amendment to the Constitution of the United States as included in the 14th Amendment.

Plaintiff here has alleged more than a mere slippery, wet floor like that in *Harvey v. Plowman*, No. 3:11CV437/MCR/CJK, 2012 WL 6135818, at *3 (N.D. Fla. Nov. 7, 2012), report and recommendation adopted, No. 3:11CV437/MCR/CJK, 2012 WL 6138339 (N.D. Fla. Dec. 11, 2012). He alleges that he was required to try to work with boiling liquids in a tilt kettle while trying to avoid slipping into an open drain under his feet that was several inches deep, several feet long and several feet wide. Plaintiff has adequately plead enough to be given the chance to prove that the conditions under which he was forced to work were sufficiently serious to

satisfy the "objective component" of the test from *Chandler v. Crosby*, 379 F.3d 1278 (11th Cir.2004), and a chance to satisfy *Chandler*'s "subjective component" by proving that the defendants knew of the risk and that their conduct was more than gross negligence. Thus, the Court declines to dismiss the Eighth Amendment claim under 28 U.S.C. § 1915(e)(2)(B).

Also, while the Court agrees that Director Duncan cannot be held vicariously liable for the acts of her subordinates, plaintiff alleges more than just vicarious liability regarding her. Instead, he alleges that he and other inmates personally informed her about the dangerous condition and that she personally directed him to work under those conditions anyway. This is the type of personal control or direction required under *Monell v. Dep't of Soc. Servs.*, 436 658, 694 n. 58 (1979). Thus, the part of the Report and Recommendation that would dismiss the claims against Director Duncan is rejected.

On the other hand, the Court agrees with the Magistrate Judge that plaintiff's allegations do not fit a Fourteenth Amendment claim. Plaintiff has not alleged that officials altered his term of imprisonment. He also has not alleged that officials imposed an atypical or significant hardship on him in any way other than the conduct already covered by his Eighth Amendment claim. Thus, any relief he would be entitled to from the Fourteenth Amendment claim would already be

available if he succeeded with his Eighth Amendment claim. To prevent confusion or multiplication of the issues, the Court agrees that the Fourteenth Amendment claim should be dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is rejected in part and adopted in part.

2. The plaintiff's claim under the Fourteenth Amendment is dismissed pursuant 28 U.S.C. § 1915(e)(2)(B).

3. Plaintiff's Eighth Amendment claim shall be allowed to proceed, and this matter is remanded for further proceedings before the Magistrate Judge.

**DONE AND ORDERED** this _8th_ day of January, 2018.

UNITED STATES DISTRICT JUDGE